# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIE JAMES WASHINGTON,<br><br>  Petitioner,<br>vs.<br>CALIFORNIA STATE SUPERIOR COURT, et al.,<br><br>  Respondents. | CASE NO. 06cv494 BTM (POR)<br><br>**ORDER DISMISSING ACTION** |
|---|---|

On March 7, 2006, Petitioner, proceeding pro se, filed a petition under the All Writs Act, 28 U.S.C. § 1651, for a writ of mandamus to: (1) compel Respondents to file Petitioner's pleadings and adjudicate them; (2) direct Respondents to enforce or comply with lawful issued court orders; and (3) assist Petitioner in making a citizen's arrest. Petitioner appears to be a prisoner currently incarcerated at the Southwest Detention Center. While the exact nature of his allegations is not clear, the Court can determine that Petitioner requests this Court to issue a writ of mandamus to Respondents, who include: (1) the California State Superior Court and its clerk; (2) the California State Supreme Court and its clerk; (3) the California State Riverside County Detention Center; and (4) the District Attorney's Office of Riverside County, Murietta Division. Petitioner has not prepaid the filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; nor has he filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the following reasons, Petitioner's complaint is **DISMISSED** without prejudice.

## I.     Failure to Pay Filing Fee or Request IFP Status

At the time of Petitioner's filing, all parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, were required to pay a filing fee of $250.  28 U.S.C. § 1914(a) (required fee increased to $350 in April 2006). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  Petitioner has not prepaid the $250 civil filing fee required by 28 U.S.C. § 1914(a) to commence this action, nor has he filed a motion to proceed IFP in this matter.  While this Court would normally provide Petitioner an opportunity to cure this deficiency in entering an order of dismissal, Petitioner's complaint suffers from additional defects which cannot be cured.

## II.    Failure to State a Claim

Petitioner asks this Court to issue a writ of mandamus directed to courts, detention facilities, and/or officials of the State of California.  This Court is without jurisdiction to issue such a writ.  The All Writs Act, 28 U.S.C. § 1651(a), provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  Thus, this Court's jurisdiction to issue such writs is limited to only those which are in aid of its jurisdiction.  A writ of mandamus requiring a state court to file pleadings or directing state prison officials to comply with orders issued in a state proceeding would not be in aid of this Court's jurisdiction.  As numerous federal courts have recognized, "[f]ederal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties."  Shaheed v. Supreme Court, No. C 06-5009 JSW (PR), 2006 U.S. Dist. LEXIS 66458 (Aug. 31, 2006 N.D. Cal.); accord Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966); Sully v. Lungren, 842 F. Supp. 1230, 1232 (N.D. Cal. 1994); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981).  Accordingly, Petitioner fails to state a claim upon which this Court may grant relief.

**III.     Improper Venue**

Finally, to the extent that Petitioner's claims would be cognizable in a properly filed petition for a writ of habeas corpus, and Petitioner wishes to file such a new action, the Court cautions that venue in this district is not proper.  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 USCS § 1391(b).  Petitioner's claims are brought against courts and officials that presumedly reside in Riverside County, which is located in the Central District of California.  In addition, as the Petitioner is resident in a Riverside County detention facility, the Court presumes that the actions that Petitioner complains of also took place in Riverside County.  Petitioner has not alleged that any claims arose in San Diego or Imperial Counties or that any Respondent resides within these counties.  Accordingly, venue is not proper in the Southern District of California.

**IV.     Conclusion**

Since Petitioner's complaint suffers from incurable defects, this Court will not grant Petitioner the opportunity to reopen this action upon payment of the required filing fee or filing of a proper motion to proceed IFP.  Rather, this Court **DISMISSES** Petitioner's cause of action against all Respondents without prejudice.

**IT IS SO ORDERED.**

DATED: December 1, 2006

*Barry Ted Moskowitz*

Hon. Barry Ted Moskowitz
United States District Judge